IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTEN DIVISION

| | |
|---|---|
| ANTWON RUSSELL | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| VILLAGE OF BURNHAM, an Illinois municipal corporation, | ) ) |
| | ) |
| And | ) |
| | ) |
| PETER J. BELOS, individually and in his official capacity as the Chief of Police of the Burnham Police Department | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Preliminary Statement

1. This is an action for unlawful retaliation and wrongful taking of a protectable property interest in continued employment as full-time, regular employee of the Village of Burnham, an Illinois municipal corporation in violation of the Fifth and Fourteenth Amendments of the United States Constitution. The defendants unlawfully retaliated against plaintiff after plaintiff complained about disparate treatment because of his race – African American, defendants deprived the plaintiff of his protectable property interest without due process when on June 4, 2012, the VILLAGE OF BURNHAM 'S Board of Fire and Police Commissioners wrongfully approved a recommendation for termination of plaintiff by characterizing plaintiff as an employee without the protection of the procedural grievance rights contained in the collective bargaining agreement for all full-time sworn police officers.

### Jurisdiction

1

1. This is an action pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. §§ 1331 and 1343, and is alleged pursuant to the 5th and 14th Amendments of the United States Constitution. Additionally this action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2. This court is vested with venue in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because defendant VILLAGE OF BURNHAM is located in the Northern District of Illinois; and pendent jurisdiction is provided under 28 U.S.C. § 1367(a) over all state claims.

3. All condition precedent to the institution of this lawsuit have been fulfilled , including receipt of the Right-to Sue letter issued by the Equal Employment Opportunity Commission on August 15, 2012, attached as exhibit A.

## Parties

4. The plaintiff is ANTWON RUSSELL, is a U.S. citizen who resides in the county of Cook in the State of Illinois. At all times material, Plaintiff ANTWON RUSSELL was employed by the Village of Burnham, Burnham Police Department.

5. Defendant VILLAGE OF BURNHAM, is an Illinois Municipal corporation, doing business in Illinois with employees as defined by the Illinois Municipal Code, 65 ILCS 5/10-1 et seq., and 65 ILCS 5/10-2.1 et seq., and other laws of the Stat of Illinois.

## Relevant Facts

6. On or about July 15, 2010, Plaintiff ANTWON RUSSELL was hired by defendant VILLAGE OF BURNHAM to be employed as a part-time police officer for the Village of

Burnham Police Department. Plaintiff continued his employment, uninterrupted as "part-time" police officer for approximately 10 months.

7. Upon information and belief, plaintiff's part-time employment status with the Burnham Police Department was not "probationary" and plaintiff at all times remained an at-will employee, not eligible to become part of the police union and therefore did not have the same procedural rights and protections contained in the collective bargaining agreement.

8. At all times material, the Village of Burnham and the Burnham Police Department was parties to a collective bargaining agreement that governed and controlled the appropriate wage structure, hours of employment, working conditions and benefits, and orderly expeditious Grievance Procedure of covered employees of the Village of Burnham Police Department. Exhibit B.

9. On May 1, 2011, plaintiff was appointed as "full-time sworn police officer" for the Village of Burnham, Illinois with the rank of patrolman.

10. In accordance with the express terms of the collective bargaining between the Village of Burnham and the Illinois Council of Police, the defined "Unit" of employees covered by the collective bargaining agreement is "All full time sworn police officers of the Village of Burnham Police Department below the rank of Sergeant BUT EXCLUDING all other employees of the Village of Burnham and, specifically, all Supervisory, Managerial, Confidential Employees and Part Time Police Officers within the meaning of the Illinois Public Relations Act, 5ILCS 315/1 *et seq.*"

11. As a "full-time sworn police officer", plaintiff became as covered member of the police union and protected by the collective bargaining agreement that was enforce between the

Village of Burnham and the Illinois Council of Police pursuant to Article I, paragraph 1.2 of the collective bargaining agreement.

12. As a "full time sworn police officer" covered by the collective bargaining agreement, the Village of Burnham regularly deducted from plaintiff's salary the standard and ordinary union dues and remitted the dues collected to the union as provided in the collective bargaining agreement.

13. As a "full time sworn police officer" covered by the collective bargaining agreement, plaintiff could not be relieved from duty, suspended, discharged or disciplined in any manner without the Village of Burnham or the command level of the police department having first established just cause.

14. In complete disregard of plaintiff's status as a "full time sworn police officer" and the express terms of collective bargaining agreement concerning the procedure for disciplining full time sworn police officers, plaintiff was summarily terminated and discharged, without just cause, by the City of Burnham Police Department at the direction of Peter J. Belos, Chief of the Police of the Burnham Police Department on June 4, 2012.

15. On June 8, 2012, within the 5-day time limit prescribed by the collective bargaining agreement, plaintiff attempted to file a grievance with the Burnham Police Department with the assistance of the Union.

16. On June 18, 2012, plaintiff was notified by Union representatives that he had no right to file a grievance or contest his summary dismissal for lack of just cause pursuant to the collective bargaining agreement because his "18-month probationary status" as full-time sworn police officer had not expired.

17. The collective bargaining agreement does not expressly or implicitly exclude full-time sworn police officers from the procedural protections provided in the collective bargaining agreement.

18. On July 5, 2012, plaintiff filed a claim alleging racial discrimination and unlawful retaliation with the Equal Employment Opportunity Commission. Exhibit C.

19. On September 5, 2012, plaintiff was provided a document addressed to Chief Peter J. Belos which indicated that the Board of Fire and Police Commissioners of the Village of Burnham had met on June 4, 2012 and "approved the dismissal (discharge) of Probationary Police Officer Antwon Russell." Exhibit D.

20. At no time was plaintiff advised, notified or informed that he had the right to appear, contest, challenge and/or appeal the administrative decision of the Board of Fire and Police Commissioners pursuant to the Illinois Administrative Procedures Act as final administrative decision.

21. Upon information and belief, pursuant to the collective bargaining agreement in effect between the Village of Burnham and all full-time sworn police officers of the Burnham Police Department, plaintiff satisfied all requirements and became a regular, full-time sworn police officer on or May 1, 2011.

22. Plaintiff's status as a regular, full-time sworn police officer, vested plaintiff with the statutory and contractual protections of the collective bargaining agreement, including the right to be discharged only for just cause, after written charges have been filed and only after an administrative hearing on the charges before the Board of Police and Fire Commissioners as specific in the Illinois Municipal Code, 65 ILCS 5/10-2.1-17.

## COUNT ONE- DUE PROCESS

23. Plaintiff incorporates and realleges paragraphs 1 through 22, by reference here as paragraph 23.

24. At all times material plaintiff ANTWON RUSSELL, as full-time sworn police officer and member of the police union, and therefore had a property interest in his continued employment as a full-time, sworn police officer employed with the Village of Burnham Police Department.

25. At all times material plaintiff ANTWON RUSSELL, was a dues paying member of the collective bargaining agreement between the local full-time sworn police officer's union and the Village of Burnham, and therefore entitled, per the collective bargain agreement, to the procedural due process protections of all similarly situated full-time, sworn police officers of the Village of Burnham Police Department, and therefore could only be terminated for cause after proper notice and an administrative hearing.

26. Defendant VILLAGE OF BURNHAM, in violation of the collective bargaining agreement in effect, violated the discipline rules and grievance procedures by refusing to formally file or provide plaintiff any notice of written charges against plaintiff for the alleged suspected violations of the rule and/or regulation of the Village of Burnham Police Department supporting termination as a full-time, sworn police officer for just cause.

27. Defendant VILLAGE OF BURNHAM never advised or provided any notice to plaintiff that his performance as a full-time, sworn police officer was unsatisfactory in anyway.

28. Defendant VILLAGE OF BURNHAM wrongfully and improperly used plaintiff's 18-month probationary status for seniority purposes, to illegally terminate plaintiff's

employment without just cause and to deny plaintiff all contractual procedural due process protections for all full-time sworn police officers as expressly defined as the employees covered by the collective bargaining agreement.

29. On or about June 4, 2012, defendant VILLAGE OF BURNHAM, wrongfully denied plaintiff the benefits and protections of his status as a full-time, sworn police officer, by falsely advising and characterizing plaintiff's 18- month probationary period for seniority purposes, as a change of plaintiff's status to an "at-will" employee, who had no procedural rights notwithstanding plaintiff's full membership in the police union on May 1, 2012 and the express language in the controlling collective bargaining agreement.

30. Plaintiff ANTWON RUSELL was denied procedural due process by defendant VILLAGE OF BURNHAM when plaintiff was terminated from his full-time, sworn police officer employment without a meaningful hearing to present evidence in his defense concerning any allegation of insubordination or unsatisfactory performance.

31. By its action, defendant VILLAGE OF BURNHAM illegally took plaintiff ANTWON RUSSELL's protectable interest in his continued employment as a full-time, sworn police officer and dues paying union member of the Village of Burnham, in violation of the Fifth and Fourteenth Amendments and of the United States Constitution, by denying plaintiff any procedural due process before terminating without notice and without just cause.

## RELIEF REQUESTED

WHEREFORE plaintiff, ANTWON RUSSELL, asks this court to grant the following relief:

    a. Direct defendant to immediately re-instate the plaintiff to his former position and pay grade;

    b. To award plaintiff all back pay, promotions, benefits and allowances;

    c. The removal and expungement of all records concerning the underlying "substandard performance";

    d. Attorney fees, expert fees and litigation costs.

    e. Grant such other relief as the Court may find appropriate.

**Plaintiff Demands Jury Trial**

### COUNT TWO – Unlawful Retaliation

32. Plaintiff incorporates and realleges paragraphs 1 through 31, by reference here as paragraph 32

33. On or before May 21, 2012, plaintiff received a written reprimand for his failure to timely complete and submit a written incident report of concerning a residential burglary that had occurred on May 15, 2012.

34. On May 21, 2012, plaintiff complained and notified defendant Chief Peter J. Belos that he suspected that he was being unfairly targeted for discipline because of his race, African American.

35. Plaintiff engaged in protected activity when he complained to Chief Belos that he believed that he was being singled-out and unfairly disciplined when similar discipline was not imposed to similarly situated white officers.

36. Chief Belos became visibly upset and refused to discuss plaintiff's concerns regarding suspected racial discrimination and disparate treatment.

37. On June 4, 2012, plaintiff was notified that he had been terminated by Chief Belos and was ordered to immediately turn-in his badge and other police officer credentials. No explanation for the termination provided.

38. On or about July 1, 2012, plaintiff filed for unemployment benefits with the Illinois Department of Employment Security, pursuant to 820 ILCS 405 et seq.,

39. On July 5, 2012, plaintiff filed a claim of discrimination with the Equal Employment Opportunity Commission, # 440-2012-04203, alleging unlawful retaliation.

40. On August 20, 2012, the Illinois Department of Employment Security approved and determined that plaintiff was eligible to receive unemployment benefits.

41. In retaliation to plaintiff's EEO complaint of racial discrimination and disparate treatment, the Village of Burnham notified the Illinois Department of Employment Security that defendant intended to appeal plaintiff's declared eligibility to receive unemployment benefits by claiming the plaintiff had been terminated for a pattern of misconduct, including insubordination and other unprofessional conduct that constituted misconduct warranting his termination on June 4, 2012 and therefore making plaintiff ineligible to receive unemployment benefits.

42. Upon information and belief, the Village of Burnham, by and through its agent, 'NSN Employer Services" thereafter submitted a memorandum on September 12, 2012, to the Illinois Department of Employment Security that had been prepared by Chief Belos after the June 4, 2012 termination of plaintiff and the August 20, 2012 decision of the IDES. This memorandum listed a description of twelve (12) separate incidents of suspected or alleged misconduct and unprofessional activities by plaintiff prior to June 4, 2012.

43. Upon information and belief, the memorandum created by Peter J. Belos, Chief of Police Department was prepared to provide a false and pretextual basis to preclude plaintiff from receiving unemployment benefits.

44. Upon information and belief, the Village of Burnham's decision to appeal and contest plaintiff's eligibility to receive unemployment benefits was in retaliation and to punish plaintiff for filing a claim of racial discrimination against the Burnham Police Department.

45. Upon information and belief, the allegations and suspected misconduct listed in the memorandum prepared by Chief Belos and submitted to the IDES to refute plaintiff's claim of eligibility for unemployment benefits had never been submitted or considered by the Village of Burnham's Board of Fire and Police Commissioners who approved plaintiff's dismissal (discharge) as a probationary officer on June 4, 2012.

46. Defendants action and conduct in falsely contesting plaintiff's eligibility for unemployment benefits with the subsequent "undated" memorandum listing and describing 12-separate incidents of suspected and alleged misconduct as police officer, was done in further retaliation against plaintiff for filing a claim of racial discrimination with EEOC.

47. That as a result of the aforementioned retaliation by Chief Belos, plaintiff has suffered and will likely continue to suffer, significant harm, including, substantial loss of income, loss of earning potential, loss of enjoyment of life and emotional distress.

**RELIEF REQUESTED**

WHEREFORE plaintiff, ANTWON RUSSELL, asks this court to grant the following relief:

a. Direct defendant to immediately re-instate the plaintiff to his former position and pay grade;

b. An award plaintiff all back pay, promotions, benefits and allowances;

c. The removal and expungement of all records concerning the underlying "substandard performance";

d. Attorney fees, expert fees and litigation costs.

e. Grant such other relief as the Court may find appropriate.

**Plaintiff Demands Jury Trial**

Respectfully submitted,

ANTWON RUSSELL

By: /s/ *Gregory T. Mitchell*
Gregory T. Mitchell
Attorney for Antwon Russell,
Plaintiff